UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MENES ANKH EL, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:16-cv-90-JMS-DKL |
| ) | |
| BRIAN SMITH, *Superintendent*, ) | |
| PUTNAMVILLE CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondents. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Accordingly, a habeas petition "should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir. 1998). This is an appropriate case for such a disposition, a conclusion based on the following facts and circumstances:

1.   This action for habeas corpus relief brought by state inmate Menes Ankh-El represents his challenge to his conviction in No. 49G04-1204-FC-02548.

2.   "[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990).

3. Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. 2254(b)(1)). The exhaustion requirement is that a state prisoner, before filing a habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues."); *McKinley v. Butler*, 809 F.3d 908, 909 (7th Cir. 2016)("This requirement of exhaustion is designed on the one hand to marshal the assistance of the state courts in enforcing federal constitutional law and on the other hand to diminish the burden on the federal courts of post-conviction proceedings by state prisoners . . . .").

4. The exhaustion requirement may be excused if "there is either an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

5. Ankh-El states in his habeas petition that his direct appeal has been docketed in the Indiana Court of Appeals as No. 49A05-1311-CR-00550. He further explains that this appeal is stalled because the complete trial court record has not been produced. He suggests from this that the exhaustion requirement should be excused.

6. Ankh-El is mistaken in believing that he has no remedy for the problem of the entire trial court record being produced. In fact, there is an available and meaningful procedure whereby he may obtain a transcript if it has been wrongfully withheld from him. "In a proper case, mandate may lie to direct inferior courts to allow or to entertain appeals, and to act with respect to the preparation of transcripts." *State ex rel. Ward v. Porter Circuit Court*, 130 N.E.2d 136, 138 (Ind. 1955)(footnote omitted).

7. This provides Ankh-El with a meaningful remedy within the Indiana state courts and shows that the habeas filing was premature. Accordingly, the Court should not and does not address the merits arguments raised by Ankh-El.

8. The action must therefore be **dismissed without prejudice**. Judgment consistent with this Entry shall now issue.

## II.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller–El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Ankh-El has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: May 23, 2016

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MENES ANKH EL
233632
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135